UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI STAROSTENKO and IRINA TSAREVA,<br><br>                  Plaintiffs,<br><br>      - v. -<br><br>UBS AG BANK,<br><br>                  Defendant. | 19 Civ. 9993 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs Yuri Starostenko and Irina Tsareva, appearing *pro se*, bring this action pursuant to the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331 and 1332. Plaintiffs submit an application for the Court to request *pro bono* counsel. By Order dated November 8, 2019, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis*.

**A.    Order of Service**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiffs

are proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiffs should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiffs have not provided a New York address where Defendant can be served, and the U.S. Marshals Service cannot assist with service of foreign entities.[1] *See Cross* v. *State Farm Ins. Co.*, No. 3:10 Civ. 1179 (TJM/DEP), 2011 WL 13234729, at *2 n.3 (N.D.N.Y. Nov. 7, 2011). Accordingly, the Clerk of Court is directed to mail to Plaintiffs a U.S. Marshals Service Process Receipt and Return form (USM-285 form). Should Plaintiffs wish to have the U.S. Marshals serve process on their behalf, they should complete that form, provide Defendant's New York address, and return the form to the Pro Se Intake Unit of the Court. Upon its receipt, the Clerk of Court shall issue a

---

[1] The Hague Convention and Federal Rule of Civil Procedure 4(f) and 4(h) govern international service.

summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant in New York.

Should Plaintiffs not wish to have the U.S. Marshals serve on their behalf, Plaintiff shall submit a written request to the Court that a summons be issued and mailed to them, and Plaintiffs shall serve Defendant through the appropriate international means of service.

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

**B.    Motion for Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, a plaintiff's efforts to obtain a lawyer, and a plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper* v. *A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge* v. *Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention."  *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiffs' motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiffs, together with an information package.

3

The motion for counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (Dkt. #7).

The Clerk of Court is further instructed to send a USM-285 form to Plaintiffs to be filled out and returned to the Court. Alternatively, Plaintiffs are directed to request that a summons be issued and mailed to them.

SO ORDERED.

Dated: November 25, 2019
       New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge