UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YURI STAROSTENKO, and IRINA TSAREVA,

                             Plaintiffs,

                -v.-

UBS AG BANK,

                             Defendant.

19 Civ. 9993 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, District Judge:

    Plaintiffs Yuri Starostenko and Irina Tsareva, who are proceeding *pro se* and *in forma pauperis* (IFP), filed this action against "UBS AG (a Swiss Bank)." The Court directed Plaintiffs to provide a domestic service address for UBS AG, and Plaintiffs provided several different addresses in New York, but the United States Marshals Service has not been able to effect service on UBS.[1] (Dkt. #10, 18, 19, 21, 42, 43). Counsel for UBS appeared in this matter and moved to dismiss the amended complaint for failure to effect proper service and for failure to state a claim. (Dkt. #22, 44, 45).

    Because Plaintiffs have been granted permission to proceed IFP, Plaintiffs are entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C.

---

[1] The Court explained in the November 25, 2019 order (Dkt. #10) that the U.S. Marshals Service cannot assist with service of foreign entities, *see Cross* v. *State Farm Ins. Co.*, No. 3:10 Civ. 1179 (TJM/DEP), 2011 WL 13234729, at *2 n.3 (N.D.N.Y. Nov. 7, 2011), and that the Hague Convention, and Federal Rule of Civil Procedure 4(f) and 4(h) govern international service.

§ 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Moreover, under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in serving a defendant. 121 F.3d 72, 76 (2d Cir. 1997).

Within 30 days from the date of this order, counsel for UBS AG is directed to either: (i) notify the Court whether he will accept service on behalf of UBS AG; or (ii) provide a New York address where the U.S. Marshals Service can serve UBS AG. Should counsel decline to accept service on behalf of UBS AG, and opts instead to provide a service address, the Court will issue an order directing the Clerk of Court to complete the USM-285 form with the address for UBS AG and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiffs filed a second amended complaint which added as a defendant "UBS (Bahamas) Ltd. (in liquidation)," and asked that the Court issue a summons for the new defendant. (Dkt. #46, 47).

The Clerk of Court is directed to issue a summons as to Defendant "UBS (Bahamas) Ltd. (in liquidation)." Plaintiffs are directed to serve the summons and complaint on Defendant within 90 days of the issuance of the summons. If within those 90 days, Plaintiffs have not either served Defendant or requested an extension of time to do so, the Court may dismiss the claims against Defendant under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

Plaintiffs have consented to receive electronic service of court documents.[2] (Dkt. #5, 6).

The Clerk of Court is directed to issue a summons for "UBS (Bahamas) Ltd. (in liquidation"), and mail the summons and a copy of this Order to Plaintiffs, together with an information package.

SO ORDERED.

Dated:   August 21, 2020
         New York, New York

                                        _____
                                        KATHERINE POLK FAILLA
                                        United States District Judge

---

[2]   In light of the current global health crisis, parties proceeding *pro se* may submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.