UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI STAROSTENKO and IRINA TSAREVA-STAROSTENKO<br><br>                     Plaintiffs,<br><br>                  -v.-<br><br>UBS AG (A SWISS BANK) and UBS (BAHAMAS) LTD,<br><br>                     Defendants. | 19 Civ. 9993 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs, who are proceeding *in forma pauperis*, have requested the appointment of *pro bono* counsel. For the following reasons, the Court will request limited purpose *pro bono* counsel to assist Plaintiffs with service issues arising under the Hague Convention.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement in civil cases that courts supply indigent litigants with counsel. *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma* pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 301-10 (1989).

Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. *See* 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance," "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.

*See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiffs each filed a Request to Proceed *in Forma Pauperis*, and the Court granted these requests by Order dated November 22, 2019.  (*See* Dkt. #1, 2 (applications); Dkt. #8 (order)).  During the initial pretrial conference held on November 4, 2020, the Court confirmed that Plaintiffs' financial status has not improved in the intervening year.  Plaintiffs therefore qualify as indigent.

In the operative pleading, the Second Amended Complaint (or "SAC") filed on August 17, 2020 (*see* Dkt. #46), Plaintiffs bring securities fraud claims against a Bahamian corporation currently in liquidation proceedings, UBS (Bahamas) Ltd., and its Swiss parent corporation, UBS AG.  In a prior order, the Court authorized service by alternate means on the Bahamian entity; it has since been advised by Plaintiffs that service was effected by registered mail and electronic mail.  (*See* Dkt. #52, 57, 59).  Counsel has not yet appeared on behalf of that entity, and the Court does not know at present whether service will be challenged.  With respect to the Swiss parent, however, the record is clearer:  Counsel has entered a notice of appearance on behalf of UBS AG for the limited purpose of filing a motion to dismiss based on, among other things, improper service.  (Dkt. #22, 44-45).

As noted during the November 4 conference, the Court's research into service of process on Swiss corporations under the Hague Convention suggests, first, that UBS AG has not been properly served, and second, that effecting

service on UBS AG in compliance with the Hague Convention will be a complicated matter. Separate and apart from the completion of the requisite paperwork, Plaintiffs would be required to translate their materials into the German language, and to pay substantial service fees. The Court has endeavored to short-circuit the issue, by asking defense counsel either to accept service on behalf of the Swiss parent or to provide a New York address at which the parent could be served. (Dkt. #50). Those efforts having failed (*see* Dkt. #56), the Court has concluded that Plaintiffs' service issues are "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiffs' application.

Defense counsel has called the Court's attention to the merits of Plaintiffs' case. As discussed with the parties, however, the Court believes that it must resolve antecedent issues of service before addressing the merits. As such, appointment of limited purpose *pro bono* counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiffs' application for *pro bono* counsel is GRANTED to the extent that the Court will request limited purpose *pro bono* counsel to assist with service issues under the Hague Convention. The Court contemplates this assistance to include preparation of the relevant materials, facilitating their translation, and arranging for their service on UBS AG pursuant to the Hague Convention. If expenses are incurred, counsel may

4

consider applying for reimbursement of such expenses pursuant to the Court's Pro Bono Fund, which was established to encourage greater attorney representation of *pro se* litigants.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.  Separately, should counsel seek to expand the scope of their representation, they may apply to this Court for same.  In this regard, incoming counsel may find it useful to review the transcript of the November 4, 2020 conference, including the Court's colloquy with defense counsel regarding the merits of Plaintiffs' case.

The Court advises Plaintiffs that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiffs directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiffs may be required to proceed with the case *pro se*.  Conversely, if an attorney offers to take the case, it is entirely Plaintiffs' decision whether to retain that attorney or not.

The stay of discovery ordered by the Court on June 26, 2020, and the suspension of further briefing ordered on August 28, 2020, remain in place pending further order of the Court.

SO ORDERED.

Dated:   November 6, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge