# Yuri & Irina Starostenko *pro se*

Hon. Katherine Polk Failla, United States District Judge
40 Foley Square Room 105
New York, NY 10007



Via ECF Filing
February 2, 2022

Re: Starostenko et al. v. UBS AG et al., DOCKET #19−cv−09993−KPF

Dear Madam:

With utmost respect and full and due deference, after having received a copy of the letter on behalf of Defendants outlining arguments why our request for the amendment should be rejected (Dkt. 106), we ask for the directions, whether or not we may answer to that arguments, or, better to say, direct the Court's attention to the answers already contained in our letters (Dkts. 103, 105) such as, for example, the pleading deficiencies argument, the answer for which can be found in subsection (c) of section Reasons for Amendment of our renewed application (Dkt. 105); or the failure to explain argument, the answer for which can be found in section Proposed Amendments of our renewed application (Dkt. 105).

However, there is a new argument in the Defendants' letter, the detailed amendments or specific amendments or a proposed amended pleading, as requested by the Court, argument which is based on a liberal interpretation of the memo-endorsed Order (Dkt. 104) which states, among other things: "As part of their renewed application, Plaintiffs shall explain in greater detail how they propose to amend the complaint, particularly in light of Defendants' pending motion."

Based on foregoing, we most respectfully ask the Court for further directions, whether:

(i) the Court found that the core theory of our complaints is deficient from a legal perspective; and

(ii) the words "Plaintiffs shall explain in greater detail how they propose to amend the complaint" meant that the Court requested us to submit "a proposed amended pleading" and, if so, we apologize to the Court and ask for the time to submit the same.

Very Sincerely Yours,

Irina Tsareva, *pro se*                                                                 Yuri Starostenko, *pro se*

https://letsmaketheworldfairer.wordpress.com/

+1-242-817-4371 Cell/WhatsApp, email: irastaro@gmail.com

The Court is in receipt of Plaintiffs' above letter.

The Court shares many of the frustrations expressed in Defendants' February 2, 2022 letter (Dkt. #106). As the Court has previously noted (Dkt. #104), Plaintiffs have had more than sufficient time to address any pitfalls in their pleading.

Nonetheless, the Court will permit Plaintiffs to file a third amended complaint under certain limited conditions. The Court understands the primary purposes of Plaintiffs' amendments to be to (i) ensure that certain claims that were alleged in the First Amended Complaint but omitted from the Second Amended Complaint are reincorporated into Plaintiffs' pleading; and (ii) clarify that certain of their securities fraud claims are brought under subsections (a) and (c), rather than subsection (b), of Rule 10b-5, 17 C.F.R. § 240.10b-5. The Court will permit Plaintiffs to amend their pleading to reflect these points.

By contrast, the Court will not permit Plaintiffs to name new defendants. Plaintiffs have not named or attempted to name defendants other than the current Defendants since they initiated this case more than two years ago (*see* Dkt. #3, 31, 46), nor have they identified the defendants they now wish to bring into this matter. Under these circumstances, the Court will not allow Plaintiffs to introduce new defendants and further delay this case.

Plaintiffs shall submit the third amended complaint on or before **February 28, 2022**. The Court will not allow further amendment of the complaint under any circumstances.

Further, Court will not grant Plaintiffs' application for *pro bono* counsel or their separate request to transfer this case to the assigned magistrate judge for the limited purpose of resolving Defendants' motion to dismiss. *First*, the Court finds that a request for *pro bono* counsel is inappropriate under the standards set forth in *Hodge* v. *Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). In particular, the Court finds that Plaintiffs have not shown that their claims are "likely to be of substance" or that Plaintiffs will be unable to present their arguments without the aid of an attorney. *See id.* To the contrary, Plaintiffs have shown themselves capable of pursuing and presenting their claims before this Court. *Second*, the Court declines to refer this case to the assigned magistrate judge because (i) Defendants have not consented to such referral (*see* Dkt. #103-4) and (ii) this Court is most familiar with this case's extended procedural and factual history and thus best situated to resolve Defendants' anticipated motion.

Given Plaintiffs' intent to file a third amended complaint, the Court hereby DENIES without prejudice Defendants' motion to dismiss the Second Amended Complaint. (Dkt. #92).

Finally, the Court adopts the following briefing schedule for Defendants' anticipated motion to dismiss the third amended complaint. Defendants shall file their consolidated motion on or before **March 28, 2022**. Plaintiffs shall file their consolidated opposition, if any, on or before **April 25, 2022**. Defendants shall file their consolidated reply, if any, on or before **May 9, 2022**. The Court does not anticipate granting any extensions of the briefing schedule.

The Clerk of Court is directed to terminate the motions at docket entries 44 and 105.

Dated:  February 4, 2022
        New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE