UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI STAROSTENKO and IRINA TSAREVA,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　-v.-<br><br>UBS AG (A SWISS BANK) and UBS (BAHAMAS) LTD (IN LIQUIDATION),<br><br>　　　　　　　　Defendants. | 19 Civ. 9993 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

　　　Plaintiffs Yuri Starostenko and Irina Tsareva, who are proceeding *pro se*, bring federal securities law and related claims against Defendants UBS AG and UBS (Bahamas) Ltd. ("UBS Bahamas") arising out of an alleged investment fraud scheme. The issue now before the Court is whether to strike the Third Amended Complaint (the "TAC" (Dkt. #110)) or a subset of the claims alleged in it. For the reasons that follow, the Court declines to strike the TAC, but will strike certain allegations and claims set forth in it.

## BACKGROUND

　　　Plaintiffs filed the original complaint in this case on October 28, 2019, naming only UBS AG as a defendant. (Dkt. #3). Thereafter, on May 28, 2020, Plaintiffs filed a First Amended Complaint (the "FAC" (Dkt. #31)). UBS AG moved to dismiss the FAC on July 27, 2020 (Dkt. #41), but its motion was mooted upon the filing of the Second Amended Complaint on August 17, 2020 (the "SAC" (Dkt. #46)). In contrast with the original complaint and the FAC,

the SAC named both UBS AG and UBS Bahamas as defendants. (*See* SAC). Defendants then moved to dismiss the SAC on November 24, 2021. (Dkt. #92).

On January 18, 2022, Plaintiffs filed a letter seeking leave to file a third amended complaint. (Dkt. #103). In their letter, Plaintiffs stated, among other things, that Defendants' motion to dismiss had misapprehended the legal basis for their securities fraud claim and that they wished to amend their pleading to dispel that misapprehension. (*Id.*). Plaintiffs then followed up with a more detailed letter on January 28, 2022, stating that their proposed third amended complaint would (i) "use the 'relation back' doctrine" to assert timely claims; (ii) clarify that their securities fraud claims concerned a scheme rather than individual transactions; (iii) name additional defendants; and (iv) "undertake further efforts to ensure that all defendants have a clear understanding of all allegations of underlying facts[.]" (Dkt. #105 at 3). Defendants filed a letter opposing Plaintiffs' contemplated complaint on February 2, 2022. (Dkt. #106).

On February 4, 2022, the Court granted Plaintiffs leave to file a third amended complaint "under certain limited conditions." (Dkt. #108). The Court began by expressing its frustration that "Plaintiffs have had more than sufficient time to address any pitfalls in their pleading." (*Id.*). Notwithstanding that frustration, the Court stated that it would permit Plaintiffs to amend their complaint to (i) ensure that certain claims alleged in the FAC but omitted from the SAC were reincorporated into the TAC, and (ii) clarify that Plaintiffs' securities fraud claims were alleged under subsections (a) and (c), and not subsection (b), of Rule 10b-5, 17 C.F.R. § 240.10b-5. (*Id.*). By contrast, the

2

Court declined to permit Plaintiffs to name new defendants, observing that Plaintiffs had not named or attempted to name new defendants since initiating the case more than two years earlier. (*Id.*). Lastly, the Court denied Plaintiffs' application for *pro bono* counsel, denied without prejudice Defendants' pending motion to dismiss, ordered Plaintiffs to file the TAC by the end of the month, and set a briefing schedule for Defendants' motion to dismiss the TAC. (*Id.*).

Plaintiffs thereafter filed the TAC on February 28, 2022 (*see* TAC), and a supporting affidavit on March 2, 2022 (Dkt. #112).[1] The TAC asserts claims under (i) the Securities Act of 1933, 15 U.S.C. § 77q(a) (TAC ¶¶ 67-70); (ii) the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5 (*id.* at ¶¶ 67-70, 83-86); (iii) New York common law (*id.* at ¶¶ 71-74); (iv) the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)-(d) (*id.* at ¶¶ 75-78); and (v) the Sherman Act, 15 U.S.C. § 1 (*id.* at ¶¶ 79-82). Although the statute is not included in its five claims for relief, the TAC also references the Clayton Act. (*Id.* at ¶ 2.4).

On March 7, 2022, Defendants filed a letter moving the Court to strike the TAC "because it is in contravention of" the Court's February 4, 2022 Order. (Dkt. #113). In the alternative, Defendants ask the Court to (i) confirm that only the UBS entities are properly named as defendants; (ii) strike the TAC's

---

[1] On March 1, 2022, Plaintiffs notified the Court that a power shortage had prevented them from filing the affidavit at the time they filed the TAC. (Dkt. #111). Plaintiffs asked for permission to re-file the affidavit together with several exhibits, which permission the Court granted the same day. (*Id.*).

3

incorporation by reference of the FAC and the SAC; (iii) strike the TAC's claims under the Securities Act of 1933, the Clayton Act, and the federal RICO statute; (iv) state whether the Court would use Defendants' moving papers in support of their motion to dismiss the SAC when resolving their motion to dismiss the TAC; and (v) confirm that Defendants' impending motion to dismiss the TAC need only address the TAC's claim under the Sherman Act. (*Id.*). Plaintiffs filed a responsive letter and supporting affidavit opposing Defendants' requested relief on March 17, 2022. (Dkt. #118). The Court now proceeds to determine whether to strike the TAC or certain claims alleged in it.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike are generally disfavored, they may be appropriate where a plaintiff has exceeded the scope of his leave to amend." *Miles* v. *City of New York*, No. 14 Civ. 9302 (VSB), 2018 WL 3708657, at *5 (S.D.N.Y. Aug. 3, 2018); *see also Cummings* v. *City of New York*, No. 19 Civ. 7723 (CM) (OTW), 2021 WL 1163654, at *3 (S.D.N.Y. Mar. 26, 2021) (striking new claims, factual allegations, and legal arguments that exceeded the scope of the leave granted), *reconsideration denied*, No. 19 Civ. 7723 (CM) (OTW), 2021 WL 1664421 (S.D.N.Y. Apr. 28, 2021). Indeed, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of

the permission granted." *Palm Beach Strategic Income, LP* v. *Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

Here, the Court declines to strike the TAC in its entirety. The Court's February 4, 2022 Order granted Plaintiffs leave to file the TAC (Dkt. #108), and there is no dispute that Plaintiffs were authorized to bring claims under (i) Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (TAC ¶¶ 67-70, 83-86) and (ii) Section 1 of the Sherman Act (*id.* at ¶¶ 79-82). (*See* Dkt. #113 at 3 (defense request that Court strike from the TAC all claims other than those alleged under the Securities Exchange Act and the Sherman Act)). Rather than strike the FAC itself, therefore, the Court finds the more appropriate course of action to be to strike certain allegations and claims that exceed the scope of the Court's February 4, 2022 Order.

To begin, the Court will strike the TAC's incorporation by reference of the FAC and the SAC. (*See* TAC ¶ 13). Plaintiffs have been on notice that their pleading must contain their full and complete set of allegations since at least August 21, 2020, when the Court authorized Plaintiffs to file the SAC and stated that "the Second Amended Complaint will serve as the operative pleading in this case and will supplant, rather than supplement, Plaintiffs' prior complaints." (Dkt. #48 at 1). Indeed, Plaintiffs' failure to abide by the Court's directive on this point was one of the central reasons why Plaintiffs sought to file the TAC and why the Court granted Plaintiffs leave to do so. (*See* Dkt. #105, 106, 108). Under these circumstances, the Court will not permit Plaintiffs to incorporate the 99-page FAC or the 42-page SAC by reference,

5

leaving Defendants and the Court to wade through the pleadings and their associated affidavits and exhibits for the relevant factual allegations that Plaintiffs were ordered to put forward in the TAC. The Court therefore strikes paragraph 13 from the TAC.

The Court will also strike Plaintiffs' claims that are alleged for the first time in the TAC. These claims are alleged under (i) the Securities Act of 1933 (TAC ¶¶ 67-70); (ii) the common law of New York (*id.* at ¶¶ 71-74); and (ii) the federal RICO statute (*id.* at ¶¶ 75-78). The FAC set forth six causes of action (*see generally* FAC); the SAC, by contrast, included only two (*see generally* SAC). As just noted, the purpose of the Court's February 4, 2022 Order was to allow Plaintiffs to correct their misapprehension that the Court would read the FAC and the SAC in tandem. (*See* Dkt. #108). None of the claims just mentioned, however, was alleged in the FAC. Nor were these claims identified in Plaintiffs' letter requesting leave to file the TAC.[2] While the Court is mindful that Plaintiffs' *pro se* status counsels in favor of affording them additional flexibility, *cf. Arroyo-Horne* v. *City of New York*, No. 16 Civ. 3857 (MKB), 2019 WL 3428577, at *4 n.2 (E.D.N.Y. July 30, 2019), *aff'd*, 831 F. App'x 536 (2d Cir. 2020) (summary order), it notes that Plaintiffs have been given several

---

[2]  Plaintiffs contend that each of their newly-alleged claims has a basis in the factual allegations pleaded in the FAC and the SAC, pointing to the fact that several of the claims share certain key elements with their original securities fraud claims. (*See* Dkt. #118 at 9-10). But the fact remains that the Court's February 4, 2022 Order permitted Plaintiffs to reincorporate the claims alleged in the FAC that had been omitted from the SAC (Dkt. #108), and Plaintiffs neither alleged the claims at issue here in the FAC or the SAC nor identified them in their motion for leave to file the TAC. The Court will not permit Plaintiffs to plead by accretion, adding and subtracting claims indefinitely and preventing this case from moving forward. Plaintiffs have had ample time to determine which claims to pursue, and the case will now proceed on the basis of those claims.

opportunities to put forward a pleading that contains the complete set of claims that they wish to pursue in this case.  Indeed, the Court has provided Plaintiffs with explicit and detailed instructions on what it would and would not permit them to include in their amended pleading.  (Dkt. #48, 108).  Plaintiffs' *pro se* status cannot save them from the consequences of their continued failure to comply with the Court's orders.  Accordingly, the Court strikes (i) Plaintiffs' claim under the Securities Act of 1933 from the TAC's first claim for relief; (ii) the second claim for relief under New York common law; and (iii) the third claim of relief under the federal RICO statute.[3]  *See Palm Beach Strategic Income, LP*, 456 F. App'x at 43; *see also Miles*, 2018 WL 3708657, at *5 (dismissing a *pro se* plaintiff's 167 newly-asserted causes of action that fell outside the scope of the leave granted); *Stapleton* v. *Pagano*, No. 19 Civ. 952 (KMK), 2021 WL 3501163, at *4 (S.D.N.Y. Aug. 9, 2021) (collecting cases for the proposition that a court may dismiss claims and allegations that exceed the scope of a court's grant of leave to file an amended pleading); *Kellier* v. *MMS*, No. 20 Civ. 10939 (LLS), 2021 WL 1947775, at *4 (S.D.N.Y. May 13, 2021) (declining to grant plaintiff leave to add claims against defendants "because

---

[3]  In any event, the Court would dismiss Plaintiffs' claim under Section 17(a) of the Securities Act of 1933 (*see* TAC ¶¶ 67-70), because there is "no private cause of action under Section 17(a)." *Deng* v. *278 Gramercy Park Grp. LLC*, No. 12 Civ. 7803 (DLC) (JLC), 2014 WL 1016853, at *6 (S.D.N.Y. Mar. 14, 2014), *report and recommendation adopted*, No. 12 Civ. 7803 (DLC), 2014 WL 4996255 (S.D.N.Y. Oct. 7, 2014); *see also In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 150 (2d Cir. 2015) (stating that "there is no private right of action" under Section 17(a) of the Securities Act (citing *Finkel* v. *Stratton Corp.*, 962 F.2d 169, 175 (2d Cir. 1992) (holding that "there is no private right of action under [Section] 17(a)"))).

7

any such claims would be beyond the scope of the original lawsuit and the permitted amendment").[4]

Lastly, the Court next clarifies its view that the TAC names only two defendants: UBS AG and UBS Bahamas. The UBS entities have been the only named defendants in this case since Plaintiffs filed the SAC on August 17, 2020. (*See* SAC). It was not until Plaintiffs' January 28, 2022 letter that they raised for the first time the possibility that they would seek to name additional defendants in this litigation. (Dkt. #105). Even then, however, Plaintiffs did not identify the particular defendants they were seeking to name or provide a reason for their failure to name them earlier in the litigation. (*See id.*). The Court therefore denied Plaintiffs leave to name additional defendants, and reaffirms that decision here. (Dkt. #108). The Court views Plaintiffs' claims as being asserted against UBS AG and UBS Bahamas and only those entities.

## CONCLUSION

For the foregoing reasons, the Court deems the TAC to be the operative pleading in this matter. The Court further STRIKES paragraph 13 and the claims under (i) the Securities Act of 1933; (ii) New York common law; and (iii) the federal RICO statute from the TAC.

Defendants shall file their consolidated motion to dismiss the TAC on or before **May 3, 2022**; Plaintiffs shall file their opposition on or before **May 31, 2022**; and Defendants shall file their reply on or before **June 14, 2022**.

---

[4]  Relatedly, to the extent the TAC seeks to allege a claim under the Clayton Act, that claim is also stricken for the same reasons stated above.

Although Defendants have previously addressed Plaintiffs' claims in prior motions to dismiss and may find themselves recycling substantial portions of those briefs, the Court expects that Defendants will file a new consolidated brief addressing the claims that this Court has now determined are properly set forth in the TAC.

    SO ORDERED.

Dated:  April 7, 2022
          New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge